# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00337-MR
# [CRIMINAL CASE NO. 1:16-cr-00064-MR-DLH-1]

| | |
|---|---|
| MARQUISE BROWN, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

Petitioner moves to vacate his conviction and sentence under 28 U.S.C. § 2255, arguing that: (1) counsel failed to file a notice of appeal of this Court's judgment notwithstanding Petitioner's request that he do so; and (2) counsel failed to adequately investigate discrepancies between the facts alleged in the Indictment and those contained in the factual proffer. The Government has filed a Response conceding that this Court should grant relief in part, enter new judgment permitting Petitioner to file a timely notice of appeal, and dismiss his remaining claim without prejudice. [Doc. 3].

## I. BACKGROUND

On May 18, 2016, Petitioner and 15 co-defendants were indicted in a crack cocaine distribution conspiracy. Petitioner was charged with one count of conspiracy to possess with intent to distribute cocaine base, five counts of possession with intent to distribute cocaine base, and two counts of distribution of cocaine base. [Criminal Case No. 1:16-cr-00064 ("CR"), Doc. 3: Bill of Indictment]. On April 14, 2017, Petitioner pled guilty to the conspiracy charge pursuant to a written plea agreement. [CR Doc. 379: Plea Agreement]. On August 17, 2017, this Court conducted Petitioner's sentencing hearing, during which Petitioner was sentenced to 120 months' imprisonment. [CR Doc. 432: Judgment]. This Court entered Judgment on August 18, 2017, and Petitioner did not appeal.

On December 4, 2017, Petitioner filed the pending § 2255 Motion to Vacate. [Doc. 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter and the Government's Response,

the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

Where a defendant unequivocally instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is *per se* ineffective assistance of counsel.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Prejudice to the defendant is presumed regardless of the merits of the appeal or waiver of appellate rights.  See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).  Therefore, where a court is presented with conflicting verified statements on the issue of whether a defendant unequivocally requested that his counsel file a notice of appeal, the Fourth Circuit has directed that the court conduct an evidentiary hearing to resolve that question of fact.  See Poindexter, 492 F.3d at 273.  If, after conducting the evidentiary hearing, the Court determines that the petitioner did not unequivocally request that counsel file a notice of appeal, the petitioner's motion should be denied.  See id.

Petitioner alleges that counsel did not consult with him about appealing and that, on August 21, 2017, he wrote counsel a letter instructing him to appeal but that counsel failed to do so.

3

In its Response to Petitioner's § 2255 Motion to Vacate, the Government asserts that, even if it were to file an answer or other response supported by an affidavit of counsel denying Petitioner's allegations, the Court would be compelled to give Petitioner the benefit of the doubt on the matter. Respondent concedes that the appropriate remedy is for the Court to vacate the original Judgment and enter an Amended Judgment from which an appeal may be taken.

The Court agrees with Respondent that the Court's resources would best be served by granting the § 2255 Motion to Vacate to the extent that Petitioner brings a claim for ineffective assistance of counsel based on counsel's failure to file a notice of appeal on Petitioner's behalf after Petitioner instructed him to do so. The Court will, therefore, vacate the original Judgment and enter an Amended Judgment from which an appeal may be taken. Petitioner's remaining § 2255 claim will be dismissed without prejudice.

Petitioner is hereby advised that he has the right to appeal his criminal case to the United States Fourth Circuit Court of Appeals. Should Petitioner choose to appeal, he must file a Notice of Appeal with the Clerk of Court for the United States District Court for the Western District of North Carolina within 14 (fourteen) calendar days after the date the Amended Judgment of

conviction is filed or within 14 (fourteen) calendar days after any government appeal is filed, whichever is later. Fed. R. App. P. 4(b)(1)(A).

## IV. CONCLUSION

For the reasons stated herein, the Court grants the first claim asserted in Petitioner's § 2255 Motion to Vacate, and the Court will enter an Amended Judgment so that Petitioner can file a timely notice of appeal with the Fourth Circuit Court of Appeals. Petitioner's second claim is dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** and **DISMISSED IN PART** as stated in this Order.

The Clerk of Court is respectfully directed to prepare an Amended Judgment consistent with this Order.

**IT IS SO ORDERED**.

Signed: July 23, 2018

Martin Reidinger
United States District Judge